

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 19, 1973

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas 78701

Opinion No. H- 19

Re: Extent of liability on bonds
of Proprietary Schools under
Section 32. 38(a), (b), and (c)
of the Texas Education Code.

Dear Dr. Edgar:

The Proprietary School Act, enacted in 1971 (Acts 1971, 62nd Leg.,
Chapter 620, p. 2006) is found as Chapter 32 of the Education Code.

Section 32. 38(a) requires a bond in the amount of $25, 000. 00
conditioned upon the payment by the parties thereto of all damages or
expenses which the State or any governmental subdivision thereof,
or any person may sustain resulting from a violation of statutory
provisions or rules or regulations adopted pursuant thereto. The
bond is made payable to the State for the use and benefit of any person
or governmental subdivision of the State which may suffer expenses
or damages. "The bond shall be filed with the administrator and
shall be in such form as shall be approved by the administrator."

By your letter of January 19, 1973, you ask these questions:

"1a. Is such a bond limited to refunds due to students
for prepaid tuition; or
b. May liabilities such as teachers' salaries, rent
for building and equipment, other liabilities incident to the
school be included?"

"2. Would the total amount of tuition paid by students
be refundable in closed school situations, or only a pro
rata portion based on the part of the course completed?"

We have been furnished with a copy of the bond approved by the
administrator. It recites that the condition of the obligation assumed
by its execution is that:

"If the PRINCIPAL, its officers, agents and employees, shall faithfully discharge all obligations, duties and responsibilities contained in Section 32.33, Section 32.38, Section 32.39, Section 32.61 and all other applicable sections of House Bill 333, Acts of the 62nd Leg., Chapter 32, Texas Education Code, and all amendments thereto, and all applicable rules and regulations of the State Board of Education adopted to carry out the provisions of House Bill 333 . . ."

Section 32.33 sets out criteria for determining whether or not a school will be certified. Among the criteria are those found in Subsection (b) that the school have adequate space, equipment, instructional material and personnel to provide training of good quality; in Subsection (i) that the school be financially sound and capable of fulfilling its commitment for training; and so on. These are continuing obligations of the school. The administrator may revoke a certificate if he has reasonable cause to believe that the school is guilty of a violation under Section 32.36.

Therefore, as we read the bond in connection with Sections 32.33 and 32.38 of the Proprietary School Act, should any person be damaged or suffer expense as a result of the failure of the school to meet such obligations, he may recover damages and expense under the bond.

The bond, by the provisions of Section 32.38 of the Proprietary School Act, is for the benefit of "the State, any governmental subdivision thereof or any person who sustains damage or expense." Liability is not limited to a pro rata share of unused tuition. Students of a school which closes may very well incur damages in excess of the "unused" portion of the tuition paid, especially if other schools will not give credit for the work already done toward a Certificate of Completion.

It is our opinion, therefore, that Section 32.39 of the Act, governing refunds under certain circumstances, does not limit recovery by students in a "closed" school situation. The extent of damage is a fact question.

## SUMMARY

Where a bond issued pursuant to Section 32.38 of the Proprietary School Act provides that it is conditioned upon the faithful discharge of all obligations, duties and responsibilities, contained in various sections of that Act, including the responsibility to maintain adequate space, equipment, instructional material and personnel, and to remain financially sound, upon closing of the school for financial reasons, the sureties on the bond are liable for all damages and expenses incurred by students and others resulting therefrom and not merely for the refund of "unused" tuition.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY YORK, Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee